ELLIS, Judge:
This is an adoption petition, in which Betty Fay Grear Pierson Gainey and her husband, William Eugene Gainey, are seeking to adopt Betty Jeanie Faust, Mrs. Gai-ney’s illegitimate daughter. The father of the child is named on' her birth certificate as Monel Faust. After the petition was filed, Mr. Faust appeared through counsel and opposed the adoption, refusing to give his consent thereto.
At the hearing, Mrs. Gainey testified that the child was born in February 1976, and that she had named Mr. Faust as the father. She further testified that he had seen Betty Jeanie only once, when she was 15 months old, and had never attempted to support her or see her on any other occasions. Mrs. Gainey also testified that at the time of the conception of Betty Jeanie she was having sexual relations with another person as well as Mr. Faust, and that it was possible that her other friend was the father. She stated that Mr. Faust’s name was put on the birth certificate because she thought they were going to be married. At the time of the hearing, in January 1981, Mr. Faust had not seen the child for about three years, and had never given her any support.
After Mr. and Mrs. Gainey testified, Mr. Faust’s attorney moved for a continuance so that Mr. Faust could appear before the court to testify. At the time of the hearing Mr. Faust was in Southeast Louisiana Hospital in Mandeville, Louisiana, undergoing treatment for alcohol abuse. The court refused the continuance, saying:
“All right, the Court will take judicial notice that Mandeville is not an institution where people are incarcerated involuntarily. They — Mr. Faust could have been — could walk off any time that he saw fit. So I’m going to deny the motion for continuance on that ground, as well as the ground that even if he should testify to the matters as set forth in the notes of the attorney, that, in my opinion, his consent is not required.”
The judge then granted a final decree of adoption, from which judgment Mr. Faust has appealed. In this court, he complains of the failure to grant the continuance, and of the granting of the adoption without the consent of the natural father.
Because we find that the trial judge abused his discretion in refusing to continue the matter or leave it open for the testimony of the natural father, we reverse and remand.
The record does not tell us what the reasons for Mr. Faust’s opposition to the adoption may have been, and no pleadings have been filed on his behalf. The record does tell ús that he was in Southeast Louisiana Hospital on the day of the hearing, and that he was represented by counsel who had never spoken with him. The trial judge’s supposition that Mr. Faust could have been present at the hearing is not supported by the record. Regardless of the merits of his case, we think that Mr. Faust should have been given the opportunity to appear and testify on his own behalf.
*386 The judgment appealed from is therefore reversed and set aside, and the case remanded to the trial court with instructions to hear the testimony and other evidence which might be offered by Mr. Faust and for further proceedings according to law. All costs of this appeal shall be paid by Mr. and Mrs. Gainey.
REVERSED AND REMANDED.